**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| GARY LONNIE WILLIAMS | ) | |
| ADC # 138383 | ) | |
|     Petitioner, | ) | **Case No. 5:13-CV-00018 KGB-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Gary Lonnie Williams. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On March 9, 2007, Petitioner was convicted of first-degree murder, possession of drug paraphernalia, and possession of marijuana by a Faulkner County (Arkansas) jury. He was sentenced to forty years' imprisonment in the Arkansas Department of Correction, and his convictions were affirmed by the Arkansas Court of Appeals on September 17, 2008. *Williams v. State*, No. CACR 07-945, 2008 WL 4277461 (Ark. App. 2008).

On December 5, 2008, Petitioner sought relief pursuant to Ark. R. Crim. Pro. 37, raising two ineffective assistance of counsel claims. The petition was denied, and the Arkansas

Supreme Court subsequently affirmed that denial. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228, 233 (2011).

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because his counsel was ineffective for failing to 1) call more than one of the six potential defense witnesses and 2) call Petitioner to testify on his own behalf.[1]  However, his claims fail because they are barred by the statute of limitations and without merit.

### I. Statute of Limitations

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Although both parties agree that 491 days passed for limitations purposes before the present action was filed, Petitioner contends that he is entitled to the "actual innocence" exception, which serves as a gateway to certain claims that would otherwise be barred.

Petitioner has failed to meet the requirements of this "severely confined category" because the facts underlying his claims do not "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (quoting 28 U.S.C. § 2244).  The only evidence presented by Petitioner to support his claim is the testimony of the five witnesses that were not called at trial; this does not meet the stringent requirements of the rare actual innocence exception.  As noted by Petitioner's trial counsel and the Arkansas Supreme Court, much of the testimony was cumulative and came from biased

---

[1] These are the same two arguments that were raised in his Rule 37 petition.

individuals. There was ample evidence to support his conviction, and this testimony is far from clear and convincing.

Petitioner has also done nothing to explain the delay in bringing his claims to federal court. *McQuiggin*, 133 S. Ct. at 1936; *Schlup v. Delo*, 513 U.S. 298, 332 (1995) ("[T]he court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence."). Finally, "[p]reviously available evidence is not new simply because a defendant elects to change strategies long after the conclusion of his state trial." *Nooner v. Hobbs*, 689 F.3d 921, 935 (8th Cir. 2012) *cert. denied,* 134 S. Ct. 58, 187 L. Ed. 2d 50 (U.S. 2013).

## II. Ineffective Assistance of Counsel

Petitioner's claims are also without merit. The Arkansas Supreme Court correctly identified *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as the appropriate rule for reviewing Petitioner's ineffective assistance claims, so the court's application of *Strickland* must have been objectively unreasonable if Petitioner's claims are to succeed. *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).

In order to succeed on an ineffective assistance of counsel claim, a petitioner must show both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland*, 466 U.S. at 687. To establish deficient performance, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. With respect to prejudice, a petitioner must demonstrate "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

An ineffective assistance claim in the federal habeas context is doubly difficult because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

A review of the briefing and record makes it clear that Petitioner has failed to establish either of *Strickland*'s prongs and that the Arkansas Supreme Court's application of *Strickland* was not objectively unreasonable.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 5th day of August, 2014.

_____
United States Magistrate Judge