IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARY LONNIE WILLIAMS                                                                PETITIONER
ADC #138383

v.                        Case No. 5:13-cv-00018-KGB-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction[1]; *et al.*                                      RESPONDENT

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 16) and objections filed by petitioner Gary Lonnie Williams (Dkt. No. 26). After careful review of the Proposed Findings and Recommendations and the timely objections thereto, as well as a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and are hereby, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Williams's objections (Dkt. No. 26). First, Mr. Williams argues that the time for filing his petition under 28 U.S.C. § 2244 should be equitably tolled. However, even if the Court used its equitable powers to toll the time for filing Mr. Williams's petition, the Court agrees with Judge Kearney's findings that the ineffective assistance of counsel claims brought by Mr. Williams in his petition are without merit. Accordingly, the Court need not consider whether equitable tolling should apply.

Second, in his objections, Mr. Williams raises new claims that were not brought in his petition or in the state courts by his counsel. Because these new claims were not fairly presented to the state courts, these claims are procedurally defaulted. *See Wainwright v. Sykes*, 433 U.S.

---

[1] Wendy Kelley became Director of the Arkansas Department of Correction on January 13, 2015, and is automatically substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

72, 87 (1977); 28 U.S.C. § 2254(b) (providing that a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  Exhaustion is required because state courts should have the opportunity to review the rulings of lower state courts and correct any federal constitutional errors.  *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982).

The doctrine barring procedurally defaulted claims is not without exception, as a prisoner may obtain review of a defaulted claim by showing cause for the default and prejudice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Generally, however, "an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel," an exception created by *Martinez v. Ryan*, 132 S. Ct. 1309, 1319 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  Mr. Williams contends that, based on *Martinez* and *Trevino*, he is entitled to pursue his claims despite the procedural default because his postconviction attorney was ineffective.  Under *Martinez* and *Trevino*, a procedural default for such a claim may be excused under certain circumstances if, "in the initial review proceeding, there was no counsel or counsel in that proceedings was ineffective" and "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  *Martinez*, 132 S. Ct. at 1318.

Mr. Williams raises three new claims in his objections that relate to alleged ineffective assistance of trial counsel.  Mr. Williams first contends that his trial counsel was ineffective by not impeaching a witness with a prior statement.  Based on Mr. Williams's objections and a review of the record, the Court finds that this claim is not a substantial one because Mr. Williams has not shown prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984) (holding that, in order to succeed on an ineffective assistance of counsel claim, a petitioner must show that

(1) his counsel provided deficient assistance, such that "counsel's representation fell below an objective standard of reasonableness" so that the "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance is overcome, and (2) he was prejudiced as a result, that is there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Mr. Williams's second and third claims are that the prosecutor bolstered a witness's credibility and failed to correct false testimony.  These do not appear to be ineffective assistance of trial counsel claims; thus, Mr. Williams's postconviction attorney's alleged negligence in failing to bring these claims cannot establish cause, and Mr. Williams does not otherwise attempt to show cause.  *Martinez*, 132 S. Ct. at 1319; *see Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (declining to extend *Martinez* beyond claims of ineffective assistance of trial counsel).  To the extent that Mr. Williams's second and third claims can be construed as ineffective assistance of trial counsel claims, the Court also finds that these claims are not substantial ones because Mr. Williams has not shown prejudice.

For these reasons, judgment shall be entered dismissing this case with prejudice.  The Court will not issue a certificate of appealability because petitioner Mr. Williams has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this the 28th day of April, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE